UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Robert Lee Johnson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:06-cv-33 |
| | ) | |
| Donald Redmann, Warden, | ) | |
| James River Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Before the court is Robert Lee Johnson's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. #1). For the following reasons, the magistrate judge **RECOMMENDS** Johnson's habeas petition (Doc. #1) be **DISMISSED**.

BACKGROUND

Johnson has filed several petitions for writ of habeas corpus in the Southeastern and Southwestern divisions of the District of North Dakota.[1] The current petition appears to arise

---

[1] Magistrate Judge Charles Miller summarized this history in one of Johnson's recent § 2254 cases:

> Johnson lodged a habeas petition pursuant to 28 U.S.C. 2254 on September 24, 200[4] (challenging his state court conviction of contact by bodily fluids and simple assault on a correctional officer). See Case No. A3-04-112, Docket No. 1. Johnson lodged another habeas petition pursuant to 28 U.S.C. § 2254 on October 29, 2003 (challenging his state court conviction of unauthorized use of a motor vehicle). See Case No. A3-05-016, Docket No. 4. Johnson, a [*sic*] filed habeas petition pursuant to 28 U.S.C. § 2255 with the court on November 24, 2003 (challenging his conviction of mailing threatening communications). See Case No. C3-02-002, Doc. Nos. 68 and 71. Johnson filed the habeas petition that is now before the court on April 26, 2006.

See Case No. 1:05-cv-58 (challenging state court conviction on three counts of terrorizing). Additionally, Johnson filed what the court deemed a "second or successive" petition, relating to his state court conviction of contact by bodily fluids and simple assault on a correctional officer. See Case No. 1:05-cv-66 & Case No. A3-04-112.

1

from a state court criminal judgment which has not been presented in any previous habeas petition.

The court will first consider the timeliness of petition. The court has taken judicial notice of the North Dakota Supreme Court opinions related to the current habeas petition and the associated appellate briefs submitted by Johnson and the state.

Johnson pled guilty to one count of Contact by Bodily Fluids. The state court entered a judgment of conviction on July 18, 2001. Johnson filed an application for post-conviction relief on July 28, 2004. On August 9, 2004, the State answered and moved for summary disposition. Under North Dakota Rule of Court 3.2, Johnson had ten days to respond. The trial court dismissed the petition seven days after it was filed and without a response from Johnson. Johnson appealed to the North Dakota Supreme Court, arguing the trial court prematurely dismissed his application. The state agreed, and the North Dakota Supreme Court reversed the order denying post-conviction relief and remanded the matter to the trial court. Johnson v. State, 2005 ND 19, 691 N.W.2d 288. On remand, the trial court dismissed the petition. Johnson again appealed the dismissal to the North Dakota Supreme Court. The appellate court summarily affirmed the dismissal under North Dakota Rule of Appellate Procedure 35.1(a)(2) and (4).[2] Johnson v. State, 2005 ND 197, 709 N.W.2d 21. This court has not directed respondent to file an answer or other pleading.

---

[2] This rule allows the court to summarily affirm a decision if no reversible error of law appears and the judgment of the district court is based on findings of fact that are not clearly erroneous (subsection 2) or the district court did not abuse its discretion (subsection 4) N.D.R.App.P. 32.1(a). Because of the summary disposition, there is no opinion detailing the court's reasoning and analysis. However, the magistrate judge notes that all five justices felt comfortable affirming the decision without written analysis.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, governs § 2254 petitions for habeas corpus relief.  Section 2244(d) establishes a one-year statute of limitations for filing federal habeas petitions.  The one-year statute of limitations starts to run on the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).  Under subsection (A), the statute of limitations is triggered by either

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court, or
>
> (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999).  A petition for certiorari must be filed with the United States Supreme Court within ninety days from the denial of discretionary review by a state court of last resort.  Sup.Ct.R. 13.1.

The AEDPA contains a tolling provision which provides that "the time during which a

properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In addition to this statutory tolling provision, the AEDPA's statute of limitations may be tolled as a matter of equity. See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003). Equitable tolling is only proper, however, "when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the Respondent's conduct has lulled the petitioner into inaction." Id. at 1015. "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002)).

Johnson's petition indicates that he pleaded guilty to the charge of contact by bodily fluids, and the state court entered judgment of conviction on July 18, 2001. The petition also indicates that he neither directly appealed his conviction to the North Dakota Supreme Court nor petitioned the United States for a writ of certiorari. Consequently, for the purposes of 28 U.S.C. § 2244(d)(1)(A), his conviction became final and the statute of limitations for filing a petition for habeas relief commenced on November 18, 2001[3] and lapsed on November 18, 2002.

For the tolling provision of the ADEPA to apply, Johnson had to file his petition for post-conviction relief by November 18, 2002. The records from the North Dakota Supreme Court state Johnson filed an application for post-conviction relief July 28, 2004. See Appellant Brief, Johnson v. State, 2005 ND 19, 691 N.W.2d 288. Thus, Johnson's petition is time-barred. After

---

[3] The court calculated the date on which the statute of limitations commenced as follows: First, the court counted off the 30 days that Johnson would have had under Rule 37(b) of the North Dakota Rules of Criminal Procedure to file a notice of appeal of the judgment of conviction entered on July 18, 2001. The court then counted off an additional ninety days, which is the time allotted for filing a petition for the writ certiorari under United States Supreme Court Rule 13.1.

thoroughly reviewing this petition and related records, the court finds no grounds which would warrant equitable tolling.

For the foregoing reasons, it is **RECOMMENDED** that Johnson's § 2254 petition be **DISMISSED** with prejudice. Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy. If Johnson has additional argument regarding the timeliness issue, he should submit such information to the court within the objection period.

Dated this 4th day of May, 2006.

Karen K. Klein
United States Magistrate Judge